## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made and entered into by and between Courtney Mills (hereinafter referred to as "Mills") and Keon Robertson (hereinafter referred to as "Robertson") and Spectrum Financial Services, LLC, its respective officers, directors, partners, employees, parent, subsidiaries, consultants, affiliates and successors (hereinafter "SFS"). This Agreement constitutes the entirety of agreements and understandings between Mills and Robertson and SFS, and no amendments to or modifications of this Agreement will be valid or binding unless made in writing and signed by Mills and Robertson and SFS.

**WHEREAS** Mills and Robertson worked for SFS; and

**WHEREAS** Mills and Robertson no longer work with SFS; and

**WHEREAS** Mills and Robertson caused a lawsuit to be filed against SFS styled *Courtney Mills and Keon Robertson v. Spectrum Financial Services, LLC* in the United States District Court for the Northern District of Georgia case number 3:14-cv-00175-TCB ("the Lawsuit");

**WHEREAS** the parties desire to compromise all disputes between them and to set forth their mutual understandings and agreements with respect thereto.

**NOW, THEREFORE,** in consideration of the payment of monies not available to other employees or persons, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the promises, covenants, and releases hereinafter set forth, the parties agree as follows:

1. (a) SFS agrees to pay Mills and Robertson the gross sum of twenty thousand three hundred and nine dollars and twenty eight cents ($20,309.28) in settlement of any and all claims Mills and Robertson claim to have in connection with their employment and termination of employment with SFS. SFS will remit this payment to Mills and Robertson within ten (10) days of its receipt of proof of (1) their signature on this Agreement, and (2) the Court Approving the Parties Settlement, provided that Mills or Robertson do not exercise their right of revocation as described in paragraph 11(g), below.

    (b) The parties agree that the $20,309.28 will be paid as follows:

    (i) SFS shall issue one check to Mills in the amount of $4,996.64 less required withholdings and deductions. SFS shall issue a second check to Mills in the amount of $4,996.64 for alleged liquidated damages, for which a Form 1099 will issue.

    (ii) SFS shall issue one check to Robertson in the amount of $1,358.00, less required withholdings and deductions. SFS shall issue a second check to

Robertson in the amount of $1,358.00 for alleged liquidated damages, for which a Form 1099 will issue.

(iii)  SFS shall issue a fifth check in the amount of $7,600.00 allocated as attorney's fees and expenses directly to Martin & Martin, LLP.  Pursuant to Mills' and Robertson's designation of this sum as attorney's fees, SFS agrees that, so long as Martin & Martin, LLP provides a completed and executed Form W-9 with its Federal Tax Identification Number, SFS will direct a Form 1099 to Martin & Martin, LLP for those monies and make no withholdings or deductions therefore.

(c)   Mills and Robertson agree that they will be responsible for the payment of their share of any federal, state, or local taxes or assessments found to be due upon this Settlement Agreement or any money or other benefits received pursuant to this Settlement Agreement, and that they will hold harmless and indemnify SFS against the assertion of any claim for any such taxes, assessments, or related interest or penalties asserted as a result of their failure to pay taxes on the payments made herein.

(d)   Mills and Robertson agree to dismiss with prejudice, the action currently styled *Courtney Mills and Keon Robertson v. Spectrum Financial Services, LLC* in the United States District Court for the Northern District of Georgia case number 3:14-cv-00175-TCB, upon receipt of the payments referenced in § l (b).

2.   Mills and Robertson confirm that they have no interest in employment or reemployment with SFS, its parents or subsidiaries, and they commit and promise that they will not apply for, seek, or accept employment with SFS, its parents or subsidiaries at any time in the future.

Mills and Robertson forever and finally, release, settle, waive and discharge SFS and its parents, subsidiaries, affiliates and officers of and from any and all claims or causes of action arising or existing up to the date they sign this Agreement that they, their heirs, executors, administrators, successors, or assigns has, may have, or claim to have against SFS, its parents, subsidiaries, consultants, predecessors, affiliates, directors, officers, agents, shareholders, employees, representatives, successors, and assigns. Specifically, Mills and Robertson for themselves, their heirs, their executors and their assigns hereby releases and forever discharges SFS, its parents, subsidiaries, predecessors, affiliates, directors, officers, agents, shareholders, representatives, employees,  successors, and assigns from any and all claims or causes of action of any kind or nature that Mills and Robertson have, may have or claim to have that arise out of or is related to their employment or termination from employment with SFS.

3.   Without limiting the generality of the previous paragraph, it is expressly understood that Mills and Robertson do hereby forever and finally release, settle, waive, reach full accord and satisfaction with, discharge, and acquit SFS and its parents, subsidiaries, consultants, affiliates, directors, officers, agents, representatives, successors and assigns from any and all claims or causes of action of each and every kind and  nature  whatsoever  that Mills or Robertson have or may have or may accrue up to the date of this Agreement and that Mills

and Robertson has or may have or may accrue as a result of Milles' and Robertson's employment or cessation of employment with SFS, including, but not limited to, claims of discrimination, retaliation, wrongful termination, harassment, general negligence, negligent retention, negligent training and supervision, infliction of emotional distress, ratification, breach of contract, fraud, breach of implied covenant of good faith and fair dealing, misrepresentation, failure to promote, assault, battery, invasion of privacy, defamation, claims for any work-related injury or illness, or any other alleged act arising in tort or contract, or pursuant to any state, federal, or local law or ordinance, including any claim pursuant to state workers' compensation laws, the Employee Retirement Income Security Act, the Consolidated Omnibus Budget Reconciliation Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, 42 U.S.C. §1981, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Equal Pay Act and extinguishes all claims and causes of action that Mills and Robertson did or could have asserted in the Lawsuit, including any and all claims of discrimination, and violations of the Fair Labor Standards Act. Moreover, Mills and Robertson acknowledge that they have been paid all of their wages and overtime payments during their employment with SFS.

4. In furtherance of the commitments they make in paragraphs 3 and 4, and to terminate the processing of the Lawsuit, Mills and Robertson specifically agree to direct their counsel to execute the attached Joint Motion for Approval of Settlement (Exhibit A) and return it to counsel for SFS within seven (7) days of signing this Agreement.

5. Mills and Robertson specifically acknowledge that this Agreement cannot in any way be construed as an admission of liability by SFS of any violation of federal, state, or local law, regulation, or the common law of Georgia or any other state, or of any policy or procedure of SFS or the public. Mills and Robertson understand that, to the contrary, SFS expressly and firmly denies any liability to them and is merely buying its peace.

6. Mills and Robertson acknowledge that SFS has paid to them all monies that they are due related to their employment with SFS at the time of executing this agreement and, further, that SFS has provided them with all benefits of employment that they are due at the time of executing this agreement. Mills and Robertson expressly acknowledge that they have no claims against SFS related to these matters.

7. Mills and Robertson understand and acknowledge that this Agreement is intended to fully, completely, and forever resolve all disputes between them and SFS based upon all events, omissions, or acts occurring on or prior to its execution, as well as all other issues or claims in any way arising out of or connected with their employment and termination of employment with SFS. Specifically, Mills and Robertson acknowledge and agree that they have been paid all amounts due for all hours worked including any overtime compensation due to them. Mills and Robertson further acknowledge that this Agreement shall not be the subject of any cause of action against SFS, its officers or agents, except to enforce the terms of this Agreement.

8. Pursuant to the provisions of the Older Workers' Benefit Protection Act, Mills and Robertson expressly acknowledges that:

(a) by entering into this Agreement, they are waiving all rights and claims they have or may have under the Age Discrimination in Employment Act of 1967, as amended by the Older Workers' Benefit Protection Act, arising out of or in any way connected with Mills' and Robertson's employment or termination from employment with SFS;

(b) they are aware that they are not waiving any rights or claims that may arise after the date this Agreement is executed;

(c) this Agreement is written in a manner that they can understand and that they have, in fact, read and understand it;

(d) the terms of settlement provide money to Mills and Robertson that they would not otherwise be entitled to;

(e) Mills and Robertson are being given a period of 21 days within which to consider this Agreement before signing it;

(f) Mills and Robertson are hereby being advised to consult with an attorney before executing this Agreement and that they have, in fact, had the benefit and advice of an attorney during the Lawsuit and the negotiation and execution of this Agreement; and

(g) Mills and Robertson have seven (7) days following the date of execution of this Agreement to revoke it, and that they may do so only in writing, via certified mail or registered delivery, to the attention of Raanon Gal, Taylor English Duma LLP, 1600 Parkwood Circle, Suite 400, Atlanta, Georgia, 30329.

9. The parties agree that they will not directly or indirectly challenge any paragraph of this Agreement as invalid or unenforceable and will take no action contrary to any of its provisions other than as ordered by a court of law.

10. The parties agree that, except as expressly set forth herein, each will bear its own attorneys' fees, costs and expenses.

11. Because all parties to this Agreement have been represented by counsel during the preparation of and negotiation over its terms, the parties agree that the language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. Should any provision of this Agreement be declared or be determined by any court or other body with proper jurisdiction to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

12. The laws of the state of Georgia shall govern the interpretation and performance of this Agreement should any dispute arise concerning or related to it. Furthermore, the Parties expressly agree to submit to the jurisdiction of the federal court system in the State of Georgia for any action of proceeding arising out of or relation to the terms of the agreement and agree that the exclusive venue of any action or proceeding arising out of or relating to the terms of this Agreement shall be in the federal courts of Georgia.

13.	If any of the paragraphs set forth above are determined to be unenforceable, the Parties request that the court revise the covenant or covenants to make them enforceable to the maximum extent permitted by law.  Each of these paragraphs shall be construed as severable and independent agreements.

14.	Mills and Robertson represent, acknowledge, and assert that they have entered into this Agreement knowingly and voluntarily after a reasonable time to consider it and that the only consideration they received for executing this Agreement is what is set forth  herein. Mills and Robertson further represent, acknowledge and assert that they have had the advice of counsel during the negotiation and execution of this Agreement, that they have thoroughly discussed all aspects of this Agreement with their attorney, and that they fully understand the Agreement's meaning and intent.

IN WITNESS WHEREOF, we have hereunto set our hands and affixed our seals on the dates set forth below:

_____			Dated: _____

Courtney Mills

_____			Dated: _____

Keon Robertson

Approved by:


_____
Kimberly N. Martin
Martin & Martin LLP
Attorney for Courtney Mills
and Keon Robertson



_____   Dated: _____
SPECTRUM FINANCIAL SERVICES, LLC


Approved by:


_____
Raanon Gal
Taylor English Duma, LLP
Attorney for Spectrum Financial Services, LLC